IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EUREKA R. BARNES                                                                                          PETITIONER

v.                                 Civil No. 2:24-cv-02077-PKH-MEF

CRAWFORD COUNTY SHERIFF'S OFFICE,
JASON COOPER, and
KEVIN HOLMES                                                                                              RESPONDENTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Eureka R. Barnes ("Barnes"), has on June 14, 2024, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). The Respondents have not been directed to file a response and none is necessary. The matter is ready for report and recommendation.

### I.        BACKGROUND

The Petition concerns Barnes's state criminal case pending before the 21st Judicial Circuit Court in Crawford County, Arkansas, *State of Arkansas v. Eureka Roshanda Barnes*, Case No. 17CR-24-253.[1]   On May 28, 2024, Barnes was charged by Information with the following offenses: Trafficking Fentanyl, in violation of ACA § 5-64-440, a Class U Felony; Simultaneous Possession of Drugs and Firearms, in violation of ACA § 5-74-106, a Class Y Felony; Felon in Possession of a Firearm, in violation of ACA § 5-73-103, a Class B Felony; Possession of Drug Paraphernalia, in violation of ACA § 5-64-443, a Class B Felony; Possession of Ecstasy with Purpose to Deliver (> 2G < 28G), in violation of ACA § 5-64-424, a Class B Felony; Possession

---

[1] The Court located Barnes's state court case information on caseinfo.arcourts.gov.  References to the state proceedings are taken from this information.  Barnes has another case pending in the same Court, *State of Arkansas v. Eureka Roshanda Barnes*, Case No. 17CR-24-253, but she does not refer to that case in her Petition.

1

of Marijuana (=> 4 oz < 10 lbs), in violation of ACA § 5-64-419, a Class D Felony; and Barnes was charged as a Habitual Offender (> 1 < 4 Felonies) pursuant to ACA § 5-4-501. Barnes appeared via Justice Bridge for arraignment on May 29, 2024; a Public Defender was appointed to represent her; a Not Guilty plea was entered; and the case was scheduled for a pretrial hearing on September 3, 2024. The case remains open and pending.

Barnes raises several challenges to the constitutionality of her pending state criminal case, including claims of "illegal search and seizure," "unlawful detention and arrest," "discrimination, and unfair and partial treatment." (ECF No. 1, pp. 5-8). She states, "[t]his is an ongoing process in which I'm seeking a Law Suit or Tort Claim." (*Id.*, p. 5). She also complains that Defendant Cooper "towed the vehicle after he had searched it on the scene then requested a Search Warrant at a later date and refuse to release my personal property from the vehicle." (*Id.*, p. 8). For relief, Barnes requests "release of my personal property[,] release of the vehicle with the lean (sic) on it[,] and dismissal of the unlawful arrest charges." (*Id.*, p. 15).

## II.  LEGAL STANDARD

As a pre-trial detainee filing for relief under 28 U.S.C. § 2254, Barnes has filed her Petition under the wrong United States Code section. Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial detainees challenging the legitimacy of pending state litigation must pursue relief under § 2241. *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012); *see also Rojas Hernandez v. Paget*, 2016 WL 7404742, * 2 (D. Minn. Nov. 10, 2016) ("Section 2241 has been recognized as a potential source of habeas review for state pretrial detainees."). "Before obtaining habeas relief, however, the petitioner must not only be in

custody but also have exhausted his state remedies." *Rojas Hernandez*, *supra*. (citing *Moore v. United States*, 875 F.Supp. 620, 622 (D. Neb. 1994). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id*. (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

### III.  ANALYSIS

Barnes's Petition raises constitutional issues that may be resolved by trial or other state process, so her claims are subject to the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Pursuant to *Younger*, federal courts are required to abstain from hearing cases when: "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).  Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there.  *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

As noted above, there is an ongoing state judicial proceeding pending against Barnes.  That

criminal proceeding implicates the important state interest of enforcing state criminal law, and it affords Barnes an adequate opportunity to raise the constitutional questions she now presents. Her allegations and claims all center on the validity of the charges pending against her in that state criminal case. Pursuant to *Younger*, this Court must abstain from hearing the matter, leaving Barnes to pursue her constitutional claims in her state criminal case.[2]

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that Barnes's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of July 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[2] The state court record reflects that Barnes has filed two *pro se* motions to dismiss asserting her constitutional claims, and those motions remain pending.